# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| RED PINE POINT LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>AMAZON.COM, INC. and<br>MAGNOLIA PICTURES LLC,<br><br>    Defendants. | No. 14 C 00274<br><br>Judge James F. Holderman |
| RED PINE POINT LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>AMAZON.COM, INC. and THE<br>WEINSTEIN COMPANY, LLC,<br><br>    Defendants. | No. 14 C 00290 (Consolidated with<br>No. 14 C 00274) |
| RED PINE POINT LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>APPLE, INC. and THE<br>WEINSTEIN COMPANY, LLC,<br><br>    Defendants. | No. 14 C 00291 (Consolidated with<br>No. 14 C 00274) |
| RED PINE POINT LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>APPLE, INC. and MAGNOLIA<br>PICTURES LLC,<br><br>    Defendants. | No. 14 C 00292 (Consolidated with<br>No. 14 C 00274) |

# ORDER TRANSFERRING CASES
# TO NORTHERN DISTRICT OF CALIFORNIA

Plaintiff Red Pine filed these pending alleged patent infringement cases here in the Northern District of Illinois for what it asserts are "many reasons:" (Plaintiff's Response, p.3) ("Response")

>  (1) "this Court is a neutral forum";
>  (2) "this Court has local patent rules";
>  (3) "this Court is a member of the Patent Pilot Program";
>  (4) "this Court's expertise in presiding over patent cases"; and
>  (5) "of great relevance here, this Court is centrally located between all parties." Id.

This court appreciates the factors Red Pine advances for maintaining these cases before this court in this district but believes the factors stated in 28 U.S.C. § 1404(a): "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented," when fully considered, favor transfer to the Northern District of California. That court shares with this court several of the attributes cited by Red Pine, local patent rules, Patent Pilot Program membership, and expertise in presiding over patent cases. This court likewise has no doubt about the neutrality and fairness of the judges who preside in the Northern District of California in addressing all matters that come before them.

A plaintiff's choice of venue of a district court that has minimal, at best, ties to the dispute giving rise to the litigation, is not entitled to substantial deference. See, In re Genetech, Inc., 566 F.3d 1338, 1334 (Fed. Cir. 2009).

Several appropriate factors persuasively support transfer. The companies that designed the alleged infringing products are in or are more convenient to the Northern District of California. The bulk of the witnesses who have knowledge of the design and manufacture of the accused products are in or near the Northern District of California. The bulk of the documents

are in the Northern District of California or Western District of Washington. Discovery related to that information, which the court assumes is primarily electronically stored information, will be conducted and supervised more conveniently for the parties and witnesses in Northern California than in Northern Illinois.

Although Red Pine has asserted that there are some witnesses and information located in New York and parts of California, not in the Northern District of California, it appears that the majority of key witnesses, including third-party witnesses, and information are located primarily in or near the Northern District of California.

The interest of justice is served by this transfer, because the convenience of the parties and witnesses are best addressed in the Northern District of California in San Francisco, where these cases "might have been brought."

## Conclusion

Having considered all the factors presented by the parties, as to these related cases, Defendants' Motion to Transfer to the Northern District of California Pursuant to 28 U.S.C. § 1404(a) [Dkt. No. 13] is granted. Defendants' Motion to Dismiss For Failure to State a Claim [Dkt. No. 25] is mooted by this transfer and may be presented to the transferee court. Counsel need not appear before this court on July 29, 2014. These related and consolidated cases are transferred to the Northern District of California in San Francisco. Civil case terminated.

ENTER:

_____
JAMES F. HOLDERMAN
United States District Judge

Date:   July 16, 2014